IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KENNETH JOHNSON, et al,<br><br>Plaintiffs<br><br>v.<br><br>GEORGIA BUREAU OF<br>INVESTIGATIONS, et al,<br>Defendants. | CIVIL ACTION NO:<br>1:23-cv-04218-LMM<br><br>JURY TRIAL DEMAND<br><br><u>MEMORANDUM OF LAW</u><br><u>SUPPORTING PLAINTIFFS'</u><br><u>MOTION FOR LEAVE TO</u><br><u>FILE AMENDED</u><br><u>COMPLAINT</u> |

<u>**MEMORANDUM OF LAW SUPPORTING PLAINTIFF'S MOTION FOR**</u>
<u>**LEAVE TO FILE AMENDED COMPLAINT**</u>

Pursuant to Rule 15, Plaintiffs Kenneth and Jacquelyn Johnson (hereinafter "The Johnson's") move the Court for leave to file the attached Third Amended Complaint to add parties and claims to this action and other equitable relief. Based on conduct and practices uncovered by Plaintiffs and further demonstrated in Defendants' own court filings, official responses and declarations, news broadcasts and publications, deprivations of rights, neglect to protect rights, obstructing the due administration of justice and compromising the integrity of judicial proceedings, Plaintiffs seek leave to amend the Complaint (Doc. 43) to add six new

Defendants and eight new causes of action regarding the Defendants' scheme to deprive, conspire against, and neglect to protect the Plaintiffs' rights under the Fourteenth Amendment to the U.S. Constitution.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed the original Complaint on September 19, 2023 alleging the original Defendants had violated their rights pursuant to the Civil Rights Act of 1871, 42 U.S.C §1985, conspiracy to interfere with rights. To execute this scheme the Defendants engaged in an elaborate scheme declaring the Plaintiffs' minor son died by an accidental scientifically impossible invented narrative that was inconsistent with the material facts and physical evidence.

On January 8, 2024 after securing additional information from the Defense Health Agency concerning the agency's consultation with the Federal Bureau of Investigation concerning the cause of death for their son Kendrick, the Plaintiffs filed the First Amended Complaint that added three new Defendants and six new causes of action.

On January 30, 2024, once it had become clear the practiced policy in the State of Georgia was to deprive, conspire to interfere with, and neglect to protect the Plaintiffs (who are African American) rights under the Fourteenth Amendment to the U.S. Constitution and Enforcement Act of 1871 also known as the Civil

2

Rights Act of 1871, codified as 42 U.S.C §1983 - Deprivation of Rights, 42 U.S.C §1985 - Conspiracy to Interfere with Rights, and 42 U.S.C §1986 - Neglect to Protect Rights. However, as *pro se* litigants, the Plaintiffs erred in submitting the Second Amended Complaint without also seeking the Court's permission to do so pursuant to Rule 15 of the F.R.C.P.

Additional overt acts depriving, interfering with, neglecting to protect, and perpetuating falsehoods regarding the Plaintiffs claims and evidence before this Court, have occurred since the Plaintiffs filed the Second Amended Complaint (Doc. 64) bringing rise to this Motion for Leave to Amend the Complaint (Doc. 43) and the attached Third Amended Complaint.

### THE DEFENDANTS AND THEIR COMMON INTERESTS

**A. The Defendants**

The First Amended Complaint (Doc. 43) includes the two original Defendants, Lowndes County Sheriff Office (hereinafter "LCSO"), Georgia Bureau of Investigations (hereinafter "GBI"), and three additional Defendants, Lowndes County Board of Education (hereinafter "BOE"), Valdosta-Lowndes Regional Crime Laboratory (hereinafter "RCL"), and the unknown current or former FBI employee John Doe (hereinafter, "JDFBI").

Through the Third Amended Complaint, Plaintiffs seek to add six new

Defendants—three corporations, Gray Television Inc. (hereinafter "GTV"), CNHI, LLC. (hereinafter "CNHI"), and Elliott Blackburn Law (hereinafter "EBLAW") as well as three state agencies, Office of the Attorney General (hereinafter "OAG"), Georgia Department of Public Health (hereinafter "DOH"), and the State Bar of Georgia (hereinafter "SBOG").

## B. The Common Interests

Through Freedom Of Information Act requests, Open Records Act requests, these case proceedings and Defendants' own filings, official responses by and positions of agencies for the State of Georgia, as well as media broadcasts and newspaper publications, Plaintiffs received additional facts and information regarding Defendants' accessory to murder scheme and deprivation of, conspiracy to interfere with, and neglect to protect the Plaintiffs civil rights. The following non-exhaustive list of facts and information, coupled with Plaintiffs' allegations in the First Amended Complaint, form the factual basis for Plaintiffs' Third Amended Complaint:

> 1. Defendants' scheme began on January 13, 2013 when Defendant-LCSO began making public declarations to news media companies that the departments initial investigation had determined the mat KJ's body was found in had an opening "approximately two feet wide," further purporting the death "appears to be just a terrible accident."

2. A January 25, 2013 laboratory report by Defendant-RCL falsely claimed "There appeared to be no blunt force trauma on Johnson's face or body. There appeared to be no visible signs of wounds to Johnson's body."

3. A May 2, 2013 autopsy report released by Defendant-GBI and provided to the Plaintiff nearly four months later than required by state law, officially determined accidental positional asphyxia as the cause of death for KJ alleging a freak accident and noting "**no significant injuries**."

4. Late in the year 2013, Defendant-LCBOE provided the Plaintiff with surveillance video of the gymnasium where KJ's body was found.

5. The Plaintiffs determined the surveillance video provided to them had been altered and was missing over an hour of surveillance footage.

6. On September 20, 2019, Dr. Kraft the medical examiner for Defendant-GBI, testified at her deposition that KJ was reaching for both of his shoes alleging they had become stuck near the top of the wrestling mat.

7. On or about March 9, 2021 Lowndes County Sheriff Ashley Paulk reopened the KJ case to be investigated amid ongoing unrest by local residents who contend KJ's death was not accidental, and further contentions that the details, evidence, and scientific facts, bring to light the unsavory agreement between the Defendant's to suppress the truth and deny the

Plaintiff justice.

8. On or about January 25, 2022, Sheriff Paulk announced it had concluded the agencies investigation into the death of KJ and released a synopsis of its conclusions.

9. Defendant-LCSO's report concluded KJ had climbed on top of wrestling mats standing six feet tall that were up against the back gym wall, reached into the opening in the mat for a "pair" of shoes when he accidentally fell inside the mat, got stuck, and suffocated.

10. On October 22, 2023, pursuant to the FOIA and Georgia's Open Records Act, Mr. Johnson requested from Defendant-LCSO the initial patient care report for Kendrick Johnson written by the EMT's with the South Georgia Medical Center Mobile Healthcare Service on January 11, 2013.

11. Defendant-LCSO provided Mr. Johnson with an altered illegible copy of the requested documentation.

12. On January 18, 2024 Mr. Johnson filed a complaint with the State Bar of Georgia against Defendant-EBLAW attorney James Elliott for violating Georgia Code §16-10-20.1(a) which makes it unlawful to alter, conceal, cover-up, or create a document and file, enter, or record in in a public record or court of this state or of the United States knowing or having reason to

6

believe the document has been altered or contains materially false, fictitious, or fraudulent information. The complaint against Mr. Elliott was also for violating American Bar Association Rule 4.1 which is the equivalent of Georgia Rules of Professional Conduct Rule 4.1 Truthfulness ins Statements to Others.

13. On January 29, 2024, Defendant-SBOG dismissed Mr. Johnson's complaint against Mr. Elliott based on the pretextual non sequitur assertion that he had not proven Mr. Elliott conspired with various government agencies to cover-up the cause of KJ's death.

14. On February 6, 2024, at the behest of Defendant-EBLAW, Defendant-GTV broadcast defaming comments by Mr Elliott that the dismissal of Mr. Johnson's complaint against him by Defendant-SBOG was additional proof the Johnson's had engaged in years long patterns of making "unsubstantiated" claims. Defendant-GTV was in possession of evidence supporting Mr. Johnson's complaint against Mr. Elliott and negated Mr. Elliott's comments that the allegations against him were unsupported, prior to the defaming broadcast.

15. On February 8, 2024, at the behest of Defendant-EBLAW, Defendant-CNHI published defaming comments by Mr Elliott that the dismissal of Mr. Johnson's complaint against him by Defendant-SBOG was additional proof

the Johnson's had engaged in years long patterns of making "unsubstantiated" claims. Defendant-CNHI was in possession of evidence supporting Mr. Johnson's complaint against Mr. Elliott and negated Mr. Elliott's comments that the allegations against him were unsupported, prior to the defaming publication.

16. Defendant-GTV and Defendant-CNHI have networks spanning across the United States and those networks have been used by the Defendants for more than eleven years perpetuating the false information that the Plaintiffs minor son died from a freak accident and continued to do so in the most aforementioned overt acts further claiming the Johnson's claims are all unsubstantiated in spite of having evidence to the contrary.

17. The common issues between all of the Defendants has been to perpetuate the fictitious scientifically impossible invented narrative KJ died from a freak accident, that the Johnson's claims are all unsubstantiated, and to provide aid and comfort to those involved with covering up an obvious homicide.

### THE THIRD AMENDED COMPLAINT

The facts and information detailed above warrant adding the Georgia Office of the Attorney General, Georgia Department of Public Health, State Bar of

8

Georgia, Gray Television, Inc., CNHI, LLC. and Elliott Blackburn Law as Defendants in this matter. They also support Plaintiffs' eight new counts, as described below.

### A. New Cause of Action VIII: VIOLATION OF 42 U.S.C. § 1986 NEGLECT TO PROTECT RIGHTS

The State of Georgia's practiced policy to deprive, interfere with, conspire against, and neglect to protect African American's constitutionally protected rights is historically supported and well represented in the Plaintiffs Third Amended Complaint.

Section One of the Fourteenth Amendment to the U.S. Constitution prohibits States from depriving "<u>any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.</u>" Section Five gives the U.S. Congress the explicit power to enforce through legislation the provisions of the article, thus the creation of the Enforcement Act of 1871 also known as the Ku Klux Klan Act and more significantly the Civil Rights Act of 1871 codified as 42 U.S.C §1983 - Deprivation of Rights, 42 U.S.C §1985 - Conspiracy to Interfere with Rights, and 42 U.S.C §1986 - Neglect to Protect Rights, implicitly abrogating the states' eleventh amendment immunity.

Plaintiffs allege these violations in new Cause of Action VIII.

## B. New Cause of Action IX: VIOLATION OF 42 U.S.C. § 1986 NEGLECT TO PROTECT RIGHTS

The State of Georgia's practiced policy to deprive, interfere with, conspire against, and neglect to protect African American's constitutionally protected rights is historically supported and well represented in the Plaintiffs Third Amended Complaint.

Section One of the Fourteenth Amendment to the U.S. Constitution prohibits States from depriving "<u>any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.</u>" Section Five gives the U.S. Congress the explicit power to enforce through legislation the provisions of the article, thus the creation of the Enforcement Act of 1871 also known as the Ku Klux Klan Act and more significantly the Civil Rights Act of 1871 codified as 42 U.S.C §1983 - Deprivation of Rights, 42 U.S.C §1985 - Conspiracy to Interfere with Rights, and 42 U.S.C §1986 - Neglect to Protect Rights, implicitly abrogating the states' eleventh amendment immunity.

Plaintiffs allege these violations in new Cause of Action IX.

## C. New Cause of Action X: VIOLATION OF 42 U.S.C. § 1986 NEGLECT TO PROTECT RIGHTS

The State of Georgia's practiced policy to deprive, interfere with, conspire against, and neglect to protect African American's constitutionally protected rights

10

is historically supported and well represented in the Plaintiffs Third Amended Complaint.

Section One of the Fourteenth Amendment to the U.S. Constitution prohibits States from depriving "<u>any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.</u>" Section Five gives the U.S. Congress the explicit power to enforce through legislation the provisions of the article, thus the creation of the Enforcement Act of 1871 also known as the Ku Klux Klan Act and more significantly the Civil Rights Act of 1871 codified as 42 U.S.C §1983 - Deprivation of Rights, 42 U.S.C §1985 - Conspiracy to Interfere with Rights, and 42 U.S.C §1986 - Neglect to Protect Rights, implicitly abrogating the states' eleventh amendment immunity. Plaintiffs allege these violations in new Cause of Action X.

**D. New Cause of Action XI:**

The State of Georgia's practiced policy to deprive, interfere with, conspire against, and neglect to protect African American's constitutionally protected rights is historically supported and well represented in the Plaintiffs Third Amended Complaint.

Section One of the Fourteenth Amendment to the U.S. Constitution prohibits States from depriving "<u>any person of life, liberty, or property, without due process</u>
11

of law; nor deny to any person within its jurisdiction the equal protection of the laws." Section Five gives the U.S. Congress the explicit power to enforce through legislation the provisions of the article, thus the creation of the Enforcement Act of 1871 also known as the Ku Klux Klan Act and more significantly the Civil Rights Act of 1871 codified as 42 U.S.C §1983 - Deprivation of Rights, 42 U.S.C §1985 - Conspiracy to Interfere with Rights, and 42 U.S.C §1986 - Neglect to Protect Rights, implicitly abrogating the states' eleventh amendment immunity. Plaintiffs allege these violations in new Cause of Action XI.

**E. New Cause of Action XII:**

The State of Georgia's practiced policy to deprive, interfere with, conspire against, and neglect to protect African American's constitutionally protected rights is historically supported and well represented in the Plaintiffs Third Amended Complaint.

Section One of the Fourteenth Amendment to the U.S. Constitution prohibits States from depriving "any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Section Five gives the U.S. Congress the explicit power to enforce through legislation the provisions of the article, thus the creation of the Enforcement Act of 1871 also known as the Ku Klux Klan Act and more significantly the Civil Rights

Act of 1871 codified as 42 U.S.C §1983 - Deprivation of Rights, 42 U.S.C §1985 - Conspiracy to Interfere with Rights, and 42 U.S.C §1986 - Neglect to Protect Rights, implicitly abrogating the states' eleventh amendment immunity.

Plaintiffs allege these violations in new Cause of Action XII.

### F. New Cause of Action XIII:

42 U.S.C §1983 - Deprivation of Rights and 42 U.S.C §1985 - Conspiracy to Interfere with Rights, prohibits the deprivation of and interference with an individual due process rights under the Fourteenth Amendment. 42 U.S.C §1985(3) indicates no state action prerequisite exists for such lawsuits.

Plaintiffs allege these violations in new Cause of Action XIII.

### G. New Cause of Action XIV:

42 U.S.C §1983 - Deprivation of Rights and 42 U.S.C §1985 - Conspiracy to Interfere with Rights, prohibits the deprivation of and interference with an individual due process rights under the Fourteenth Amendment. 42 U.S.C §1985(3) indicates no state action prerequisite exists for such lawsuits.

Plaintiffs allege these violations in new Cause of Action XIV.

### H. New Cause of Action XV:

42 U.S.C §1983 - Deprivation of Rights and 42 U.S.C §1985 - Conspiracy to

Interfere with Rights, prohibits the deprivation of and interference with an individual due process rights under the Fourteenth Amendment. 42 U.S.C §1985(3) indicates no state action prerequisite exists for such lawsuits. Plaintiffs allege these violations in new Cause of Action XV.

## LEGAL STANDARD AND ARUMENT

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file an amended pleading. See *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); see also *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.").

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory

motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (citing *Foman*, 371 U.S. at 182). Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

Here, allowing Plaintiffs to file the Third Amended Complaint would serve justice and promote judicial efficiency. As detailed above, the Third Amended Complaint seeks to add six new Defendants that, along with the original Defendants, were significantly involved in the deprivation of, interference with, conspiracy against, and/or neglect to protect the Plaintiffs protected rights under the U.S. Constitution. The Third Amended Complaint seeks to add eight new causes of action based on conduct and practices uncovered by Plaintiffs and further demonstrated in Defendants' own court filings, official responses to Plaintiffs evidence supported complaint of misconduct by one of the new Defendants for altering a public record sought by the Plaintiff and for making false statements, and for providing aid and comfort to someone when it is known an offense against the United States has been committed further obstructing the "due administration of justice."

15

There is no undue delay, bad faith, or dilatory motive by Plaintiffs. Plaintiffs seek to file the Third Amended Complaint within the time allowed by the Court to file amended pleadings and it is supported by facts and information uncovered by Plaintiffs and provided by Defendants.

Moreover, there will be no substantial or undue prejudice to the original Defendants. The issue of prejudice requires a court to focus on the hardship to the defendants if the amendment were permitted; specifically, the court has to consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d 267, 272 (3d Cir. 2001) Since discovery has not begun, additional discovery and costs is not an issue. Here, Plaintiffs seek to amend the pleading to add six new Defendants known to and associated with the original Defendants. Similarly, Plaintiffs seek to add eight new causes of action and allegations based on conduct and practices exhibited by the Defendants.

Finally, there will be no futility resulting from Plaintiffs' Amended Complaint. In the context of a motion to amend, "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Therefore, the court may refuse to allow an amendment that fails to state a cause of action because it would not survive a motion to dismiss. See, e.g.,

16

*Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983) ("The trial court may properly deny leave to amend where the amendment would not withstand a [Rule 12(b)(6)] motion to dismiss."). Here, the Amended Complaint states viable claims against all Defendants.

## CONCLUSION

For these reasons, Plaintiffs respectfully ask that the Court grant leave to file the attached Third Amended Complaint to add parties and claims to this action and other equitable relief.

Respectfully submitted,

Dated: February 14, 2024

*/s/ Kenneth Johnson*
Kenneth Johnson

*/s/ Jacquelyn Johnson*
Jacquelyn Johnson

2800 Tydnall Drive,
Valdosta, Georgia 31602
229.560.5555
mikekjjohnson48@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KENNETH JOHNSON, et al,<br><br>Plaintiffs<br><br>v.<br><br>GEORGIA BUREAU OF INVESTIGATIONS, et al,<br>Defendants. | CIVIL ACTION NO:<br>1:23-cv-04218-LMM<br><br>JURY TRIAL DEMAND<br><br><u>MEMORANDUM OF LAW SUPPORTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u> |

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing ***MEMORANDUM OF LAW SUPPORTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT*** with the Clerk of the Court via United States Postal Service mail. I also certify that I mailed by United States Postal Service the foregoing document to the following participants:

Respectfully submitted,

Dated:   February 14, 2024                      */s/ Kenneth Johnson*_____
                                                Kenneth Johnson

                                                */s/ Jacquelyn Johnson*_____
                                                Jacquelyn Johnson

                                                2800 Tydnall Drive,
                                                Valdosta, Georgia 31602
                                                229.560.5555
                                                mikekjjohnson48@yahoo.com

Office of the Attorney General
c/o Chris Carr, Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

Roger Chalmers
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

James L. Elliott
Elliott Blackburn Law
3016 North Patterson Street
Valdosta, GA 31603-0579

Timothy Tanner
PO Box 5437
Valdosta, Georgia 31603

Arash Sabzevari
100 Galleria Pkwy, Suite 1600
Atlanta, GA 30319

Georgia Department of Public Health
c/o Kathleen E. Toomey, Commissioner
200 Piedmont Avenue, SE
Atlanta, GA 30334

State Bar of Georgia
c/o J. Antonio DelCampo, President
104 Marietta St. NW, Suite 100
Atlanta, GA 30303

Gray Television, Inc.
c/o Hilton H. Howell Jr., CEO
4370 Peachtree Road, NE Suite 400
Atlanta, GA 30319

CNHI, LLC
c/o Donna Barrett, President
201 Monroe Street, Ste. 450
Montgomery, AL 36104